UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTOPHER WILLIAMS,

Defendant.

No.   CR-08-0106-RHW

**ORDER GRANTING MOTION FOR REDUCTION IN SENTENCE UNDER SECTION 3582(c)(2)**

Defendant moves the Court to reduce his sentence based on an amendment to the Sentencing Guidelines. This matter was heard without oral argument and without objection from the Government. For the reasons below, the Court will grant the motion.

## **Original Sentence**

On October 10, 2008, Defendant pleaded guilty to possession of five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Because the offense involved 8.2 net grams of cocaine base, as stipulated in the plea agreement, it resulted in a base offense level of 24. After a three-point reduction for acceptance of responsibility and combined with Defendant's criminal history score of VI, the applicable Guideline range was between 70 and 87 months. The Court imposed a

**ORDER REDUCING DEFENDANT'S SENTENCE** * 1

1  high-end sentence of 85 months and ten years supervised release. (ECF No. 52).

2  **Fair Sentencing Act**

3      In 2010, Congress passed the Fair Sentencing Act, a portion of which reduced
4  the disparity between criminal penalties for crack cocaine and powder cocaine
5  offenses. The Act increased the amount of crack cocaine necessary to trigger the
6  mandatory minimum sentences and, relevant here, decreased the offense levels for
7  various quantities of crack cocaine. U.S.S.G. § 2D1.1(c) (2011). These Guideline
8  amendments became retroactive November 1, 2011, when Congress failed to act with
9  disapproval. U.S.S.G. § 1B1.10 (discussing retroactive application of Amendment
10 750); *see also* 28 U.S.C. § 994(p). As a result, the Court has discretion to calculate a
11 new Guideline range for Defendant, taking account of these amendments, and re-
12 sentence him within the modified range. 18 U.S.C. § 3582(c)(2).

13 **Modified Sentence**

14     The base offense level under the modified Guidelines is 18, U.S.S.G.
15 §2D1.1(c)(11) (at least 5.6 grams but less than 11.2 grams of cocaine base), which is
16 reduced by three points because Defendant accepted responsibility. Fused with
17 Defendant's level VI criminal history, this modified offense level would result in a
18 range of 41 to 51 months, but for the five-year mandatory minimum still in effect. The
19 Court therefore is without power to reduce the sentence below sixty months. United
20 States v. Sykes, 658 F.3d 1140, 1146-47 (9th Cir. 2011). However, considering the
21 factors set forth in Section 3553(a), and, for the reasons articulated at the original
22 sentencing hearing, it determines that a reduction is appropriate and will reduce the
23 Defendant's sentence to sixty months.

24     Accordingly, **IT IS HEREBY ORDERED:**

25     1.    The Defendant's Motion for Retroactive Application of Sentencing
26 Guidelines (ECF No. 69) is **GRANTED**.

27     2.    The Defendant's original sentence of 85 months imprisonment is
28 **VACATED.**  He is committed to the custody of the Bureau of Prisons for a term of

**ORDER REDUCING DEFENDANT'S SENTENCE** * 2

**60 months**. All other portions of the sentence, including the ten-year term of supervised release, remain unchanged.

    3.  The Defendant's Motion for Appointment of Counsel (ECF No. 70) is **DENIED, as moot**.

    **IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to counsel, the U.S. Probation Department, and the U.S. Bureau of Prisons.

    **DATED** this 18th day of January, 2012.


              *s/Robert H. Whaley*
              ROBERT H. WHALEY
            United States District Judge

Q:\aCRIMINAL\2008\Williams\reduction.ord.wpd

**ORDER REDUCING DEFENDANT'S SENTENCE * 3**